WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marissa Gonzales,<br><br>                Plaintiff,<br><br>v.<br><br>Nataly Samgorodsky,<br><br>                Defendant. | No. CV-15-00172-TUC-EJM<br><br>**ORDER** |

      Pending before the Court is Plaintiff Marissa Gonzales' Motion to Remand to State Court. (Doc. 5). The motion has been fully briefed, and the Court heard oral arguments from the parties on December 4, 2015. For the following reasons, the Motion to Remand will be denied.

**I.   Factual and Procedural Background**

      On October 3, 2014 Plaintiff was driving near the intersection of Oracle Road and Limberlost in Tucson, Pima County, Arizona. (Doc. 1–3 at 2). Plaintiff alleges she was injured when the Defendant maintained, operated, and controlled the vehicle she was driving so negligently and carelessly as to cause her vehicle to collide violently with the Plaintiff's vehicle. *Id*. Plaintiff alleges that, as a result of this accident, she sustained "serious physical injuries, some or all of which are or may be permanent." *Id*. Following the accident, Plaintiff filed suit in Pima County Superior Court on February 23, 2015, alleging one claim for negligence. (Doc. 1-3).

On April 27, 2015, Defendant removed the case to this Court, alleging all parties are diverse and the amount in controversy exceeds $75,000.00. (Doc. 1). Defendant alleges that the removal was timely because she was served on March 26, 2015, and the case was therefore removed within the 30 day time limit established for removal of an action and Rule 6, Fed.R.Civ.P. *Id.*

On May 07, 2015, Plaintiff filed a Motion to Remand to State Court. (Doc. 5). Plaintiff argues remand is proper because Defendant was a citizen of Arizona at all times pertinent to this lawsuit, and because the amount in controversy does not exceed $75,000.00. *Id.* In response, Defendant argues that she has been a citizen of Florida since late October 2014, and that she was a resident of Florida at the time this action was filed and served. (Doc. 6 at 2). Defendant also argues that the amount in controversy is more than $75,000.00 because "there is no definitive statement or stipulation that plaintiff is willing to cap her recovery at an amount below $75,000." *Id.* at 5.

At the oral arguments on December 4, 2015, Plaintiff conceded that the parties have diverse citizenship. Following the oral arguments, the Court allowed the parties to submit supplemental briefs on the amount in controversy issue. In Plaintiff's supplemental brief, she argues that she does not intend to ask the jury for a verdict of $75,000.00 or more, and that her settlement demand letter is insufficient to establish the amount in controversy. (Doc. 14). In Defendant's supplemental brief, she argues that although Plaintiff avowed not to "seek more than $75,000," Plaintiff is unwilling to enter a binding stipulation or other procedural mechanism to cap Plaintiff's recovery at $75,000.00. (Doc. 15 at 4). Defendant further argues that the legal certainty test as applied to this matter shows that the amount in controversy exceeds $75,000.00.

**II.   Standard of Review**

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought

- 2 -

in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to the United States district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute and disfavor removal jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (internal citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. "The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties are resolved in favor of remand." *Bertrand v. Aventis Pasteur Laboratories, Inc.*, 226 F.Supp.2d 1206, 1210 (D. Ariz. 2002). If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

**III.   Analysis**

A.  Diverse citizenship

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts are vested with original jurisdiction over matters in controversy between "citizens of different States." Particularly, under 28 U.S.C. § 1332, the diversity jurisdiction statute requires a diversity of citizenship, not of residency. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Cady v. Amr. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1131(D. Ariz. 2011). A natural person is domiciled in the location in

which she has established a fixed habitation or adobe, and the person must have an intention to remain there permanently or indefinitely. *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (citations omitted).

A change in domicile requires the confluence of (a) physical presence at the new location with (b) the intention to remain there indefinitely. *See Owens*, 115 F.2d at 162. Domicile is based on a number of factors, "including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Moreover, the residence at which process was served constitutes the defendant's place of usual adobe. *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Ca. 2011) (citing Fed.R.Civ.P. 4(e)(2)(B), which requires that if not delivered in person, a copy of the summons and complaint must be left at an individual's "dwelling or usual place of abode.").

For purposes of removal, diversity of citizenship is not determined at the time of conduct giving rise to the complaint, but rather at time the action was commenced. *Freeport-McMoran v. KN* Energy, 498 U.S. 426 (1991). The removing party bears the burden of establishing that the court has subject matter jurisdiction. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).

In her motion to remand, Plaintiff argued that Defendant was a citizen of Arizona at all times pertinent to this law suit because, at the time of the accident, the Defendant's vehicle was registered in the state of Arizona and because Plaintiff attempted to serve Defendant at a building she used to rent in Tucson. (Doc. 5 at 3; Exs.A, B). However, at the oral arguments on December 4, 2015, Plaintiff stated that, based on the discovery that has taken place since she originally filed her motion to remand, Plaintiff does not dispute that the parties are diverse in citizenship. Accordingly, the Court finds that the parties are diverse in citizenship because at the time this action was filed, Plaintiff was a citizen of

Arizona and Defendant was a citizen of Florida.[1]

B. Amount in controversy

In determining the amount in controversy for purposes of removal, the Court applies the "legal certainty" test:

> It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal . . . [I]f, from the face of the pleadings, it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

> [T]he legal certainty test makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction.

*Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (citations omitted).

Notice of removal which only summarily alleges that the amount in controversy exceeds the jurisdictional minimum without alleging any underlining facts to support such an assertion is deficient. 28 U.S.C. 1332; *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 400 (9th Cir. 1996) (defendant failed to meet the requirement of amount in controversy when merely alleging it without any underlining facts). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). Specifically in *Cohn*, the plaintiff did not attempt to assert that his settlement

---

[1] Defendant moved to Florida in late October 2014. She began making plans to move in September 2014 and activated her Florida nursing license on September 12, 2014. She registered her vehicle in Florida and obtained a Florida driver's license in November 2014, and is employed in Florida. Defendant's family resides in Florida, and Defendant was served with this lawsuit at her Florida residence. (Doc. 6).

- 5 -

demand was inflated, and did not disavow the letter or offer any contrary evidence regarding his valuation of the case, thus the court held that the settlement letter established the amount in controversy requirement. *Id*.

Here, Plaintiff sent a settlement demand letter to the Defendant's insurance company on February 7, 2015, requesting $85,000.00. (Doc. 6–1 at 2). The letter noted Plaintiff had incurred at least $23,956.49 in medical expenses, and at least $192.00 in lost wages. *Id*. The letter also stated that Plaintiff "continues to suffer occasional pain." *Id*. at 4. During Plaintiff's deposition, she stated that due to the accident, she lost an opportunity for employment promotion, which would have increased her wages by about $400 per check. (Oral Argument Ex. 3 at 49). Plaintiff also testified that she continues to experience pain in her neck and back, *Id*. at 53, 59–61, 63, and that she would seek additional treatment if she had a way to get to appointments, *Id*. at 41.

Defendant argues that Plaintiff's settlement demand letter is sufficient evidence to establish that the amount in controversy is over $75,000.00 for purposes of federal diversity jurisdiction. The Court agrees. While Plaintiff has repeatedly stated that she does not intend to ask the jury for $75,000.00 or more at trial, Plaintiff is also unwilling to enter a binding stipulation that she will not seek this amount.[2] The settlement demand letter, though not admissible at trial under the Federal Rules of Evidence, is properly admissible to determine jurisdiction. *See Cohn*, 281 F.3d at 840, n. 3. The letter includes $23,956.49 in medical expenses and at least $192.00 in lost wages, and also alleges Plaintiff continues to suffer occasional pain. Coupled with Plaintiff's deposition testimony that she has ongoing pain from the accident and that she lost an opportunity for promotion at due to the accident, the Court finds that the settlement demand letter appears to reflect a reasonable estimate of Plaintiff's claim. *See Cohn*, 281 F.3d at 840. Plaintiff has not argued that her settlement demand letter was inflated, nor has Plaintiff offered any contrary evidence regarding the valuation of her case. *See id*. In addition, if

---

[2] In addition, Plaintiff certified in Superior Court that her damage request exceeds the limit for compulsory arbitration in Pima County, which is $50,000.00. (Doc.1–3 at 7).

Plaintiff proves facts at trial supporting her claims for continuing pain, suffering, discomfort, mental anxiety, loss of income, and loss of enjoyment of life, *see* Complaint, a jury could reasonably award her damages exceeding $75,000.00. Finally, none of the three situations noted in *Naffe* apply here to warrant remand for failure to meet the required jurisdictional amount.

Accordingly, the Court finds that the amount in controversy is over $75,000.00 based on the legal certainty test, and that this amount is supported by Plaintiff's settlement demand letter and deposition testimony. In order to justify remand, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount," and that is not the case here. *St. Paul Mercury*, 303 U.S. at 289.

**IV.   Conclusion**

In sum, the Court finds that remand is inappropriate both because this matter was properly removed to this Court because the parties were citizens from different states, Arizona and Florida, at the commencement of the action, and because the amount in controversy is over $75,000.00 based on the legal certainty test. Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion to Remand (Doc. 5).

Dated this 30th day of December, 2015.

_____
Eric J. Markovich
United States Magistrate Judge